# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ELMER HURLEY,**
**Claimant Below, Petitioner**

**vs.) No. 23-ICA-6**   (JCN: 2022010410)

**CHUBBY'S LOGGING, LLC,**
**Employer Below, Respondent**

FILED

**September 5, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Claimant Elmer Hurley appeals from the December 5, 2022, decision of the Workers' Compensation Board of Review ("Board"). Employer Chubby's Logging, LLC ("Chubby's") timely filed a response.[1] Mr. Hurley did not file a reply. The issue presented on appeal is whether the Board erred in affirming the claim administrator's order that rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. For the reasons set forth below, the Board's decision is vacated, and this case is remanded for further proceedings consistent with this decision.

Mr. Hurley filed a workers' compensation claim for injuries he received on October 11, 2021, when he was struck by a tree while cutting timber. An Interfacility Transfer Data document dated October 11, 2021, from Logan Regional Medical Center reveals that Mr. Hurley was seen at that facility, where he was diagnosed with fractures of his lumbar, thoracic, and cervical spine. Later that day, Mr. Hurley, who was listed in serious condition, was transferred by AirEvac to Ruby Memorial Hospital for further treatment. Documents from WVU Medicine dated October 26, 2021, and November 24, 2021, show that Mr. Hurley was treated by Shari Cui, M.D., and Emily Courtwright, PA-C, for a C7 cervical fracture.

By order dated December 7, 2021, the claim administrator denied Mr. Hurley's application for benefits, stating that he did not sustain an injury in the course of and resulting from his employment. The claim administrator also indicated that Mr. Hurley did

---

[1] Elmer Hurley is self- represented. Chubby's is represented by Daniel G. Murdock, Esq.

1

not suffer an "injury by accident arising out of and in the course of employment." Mr. Hurley appealed the rejection of the claim to the Board.

By order dated December 5, 2022, the Board affirmed the claim administrator's order. The Board noted that some of the evidence addressed whether Mr. Hurley was a covered employee. The Board considered a recorded interview of Mr. Cline who stated that he operates a logging business where he, his wife, Shawn Toler, Tyler Johnson, and another individual also named Shawn Toler are employed. Mr. Cline denied that Mr. Hurley worked for him and denied that he had ever paid Mr. Hurley for work. Instead, Mr. Cline indicated that Mr. Hurley was injured while cutting firewood. The Board's findings of fact included an acknowledgment that Mr. Hurley had submitted into evidence text messages from Michelle Cline, Tyler Johnson, and Shawn Toler. The Board indicated that it reviewed and considered these documents as well as videos of a telephone conversation and an exchange between Mr. Hurley and another individual. The Board did not address the arguments made by Mr. Hurley in his protest.

In its discussion, the Board quickly dispensed with the issue of whether Mr. Hurley was a covered employee and found that Mr. Hurley was an employee of Chubby's. The Board based its determination on the mere fact that the claim administrator's order listed Mr. Hurley as an employee of Chubby's. The Board did not discuss the various text messages and videos that were submitted into evidence by Mr. Hurley or the interview of Mr. Cline submitted by Chubby's. The Board determined that the only issue before it was whether Mr. Hurley was injured in the course of and resulting from his employment. The Board determined that the evidence revealed that Mr. Hurley was diagnosed with spinal fractures on October 11, 2021. However, the Board cited *Stiltner v. West Virginia Office of Insurance Commissioner,* No. 101564, 2012 WL 3206501 (June 18, 2012) (memorandum decision) and found that the medical evidence submitted by Mr. Hurley did not establish the causation of his injury, and without such medical evidence, a finding of compensability would require mere speculation. Thus, the Board affirmed the rejection of the claim. Mr. Hurley now appeals the Board's order to this Court.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;

2

(4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Hurley asserts that the Board erred in affirming the claim administrator's rejection of his claim. Mr. Hurley contends that the claim administrator denied his claim only because Mr. Cline, the owner of Chubby's, denied that he employed Mr. Hurley. Thus, Mr. Hurley states that he thought that the medical side of the injury was not in dispute, and he believed that in order to prevail in his appeal, he only needed to prove to the Board that he was employed by Chubby's. Mr. Hurley notes that the interview of Mr. Cline, submitted into the record below, shows that Chubby's was contending that it did not employ him. In essence, Mr. Hurley contends that he had no notice of any reason for the claim denial, other than the employment issue. Yet, the Board's affirmation of the claim administrator's order unexpectedly focused on whether medical evidence supported a causal connection between the injury and Mr. Hurley's employment.[2]

In response to Mr. Hurley's petition to this Court, Chubby's acknowledges that it agrees with the findings of fact set forth in the December 5, 2022, order of the Board. Chubby's admits that Mr. Hurley sustained a personal injury on or before October 11, 2021, and that he was diagnosed with spinal fractures. However, Chubby's argues that the record fails to establish that Mr. Hurley sustained an injury in the course of his employment, or as a result of his employment. Chubby's also cites the *Stiltner* decision and asserts that, as found by the Board, there was no medical evidence to support a finding that Mr. Hurley's injury was causally related to his employment. *See Stiltner*, 2012 WL 3206501, at *1. Notably, Chubby's does not argue that it was not Mr. Hurley's employer.

We note that when a claim administrator issues a determination, such as a claim rejection, it is required to provide an injured worker with the reason or basis for its decision. West Virginia Code § 23-5-1a(a) (2021) requires that "[w]ith regard to any issue which is ready for a decision, the Insurance Commissioner, private carrier, or self-insured employer, whichever is applicable, shall promptly send the decision to all parties, including the basis of its decision."

---

[2] We note that Mr. Hurley filed a Motion to Supplement Appendix with his Report of Occupational Injury form. This Court, however, refused the Motion on February 9, 2023, since the document had not been submitted into the record below.

In the present case, the claim administrator stated its basis for rejecting the claim was simply that Mr. Hurley "did not suffer an injury by accident arising out of and in the course of employment." This statement is less of a factual basis than it is a legal conclusion. As such, it is too vague and creates confusion about the reason the claim was denied. While Mr. Hurley is certain that his claim was rejected because the claim administrator found that Chubby's was not his employer, the Board expressed confusion as to why the parties filed evidence addressing whether Mr. Hurley was an employee.

Based on the foregoing we find that the Board erred in determining that the sole issue presented was whether the medical evidence connected Mr. Hurley's injury with his employment with Chubby's. It is not clear why the claim administrator denied the claim, and whether it determined that its insured (Chubby's) employed Mr. Hurley. Further, the Board erred in failing to recognize that the claim administrator's order was too vague and did not provide proper notice to Mr. Hurley as to why his claim was rejected. In its assumption that Mr. Hurley's employment status was not at issue, the Board effectively denied Mr. Hurley an opportunity to prove how he was injured.

Accordingly, we vacate and remand this matter to the Board with directions for it to remand the matter to the claim administrator for the issuance of a protestable order that clearly addresses all issues, including whether Mr. Hurley was an employee of Chubby's and, if so, whether he suffered an injury in the course of and as a result of his employment. Further, the Board is also directed to require the claim administrator to provide in its order a clear basis for its decision.

Vacated and Remanded with Directions.

**ISSUED:** September 5, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge Thomas E. Scarr